IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03035–KMT

DANIEL DOWGIALLO,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

---

## ORDER

---

This matter is before the court on "Allstate's Partial Motion to Dismiss" [Doc. No. 17] filed October 30, 2019. "Plaintiff's Response to Defendant's Motion to Dismiss" was filed on November 4, 2019 [Doc. No. 20], and Defendant's "Reply to Plaintiff's Response to Allstate's Partial Motion to Dismiss" [Doc. No. 28] was filed on November 18, 2019.

Plaintiff has brought claims for recovery of "Uninsured/Underinsured Motorist Benefits" (First Claim), "Breach of Contract" concerning underinsured benefits payable (Second Claim), and "Unreasonable Delay and Denial of Insurance Benefits pursuant to CRS Section 10-3-1115 and 1116" (Third Claim). (Complaint [Doc. Nos. 1-1 and 6].) Defendant brings the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of the Third Claim and alleging that "Plaintiff has failed to sufficiently plead a *plausible* claim for unreasonable delay/denial."

(Mot. at 3.)  Defendant argues that the facts contained in the Complaint show nothing more than the possibility of a successful claim for unreasonable delay/denial.  This court agrees.

### *LEGAL STANDARD*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 679-81.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 681.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 679.

The court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

In evaluating a Rule 12(b)(6) motion to dismiss, courts may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted). "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quotations omitted).[1]

That said, however, "[a] 12(b)(6) motion must be converted into a motion for summary judgment if 'matters outside the pleadings are presented to and not excluded by the court' and 'all parties . . . [are] given a reasonable opportunity to present all material made pertinent to such a

---

[1] Plaintiff appears to conflate the summary judgment standard with the standard applicable to a Rule 12 motion. He sets forth in his Response a number of disputed facts, relying on evidence that appears nowhere in the Complaint. (Resp. at 1-2.) The court specifically declines to consider any of the information in this Section of the Response, except for those facts also contained in the Complaint.

motion by [Fed. R. Civ. P. ] 56.'" *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(d)); *see also Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (holding that where the District Court relied on facts presented in affidavits, a Rule 12(b)(6) motion was properly converted into a motion for summary judgment).

### *ANALYSIS*

In Colorado, plaintiffs often assert two types of bad faith torts: (1) bad faith breach of an insurance contract, which is a common law tort under Colorado law; and (2) unreasonable delay or denial of insurance benefits, which is a statutory penalty provision under §§ 10-3-1115 and 10-3-1116 of the Colorado Revised Statutes. Plaintiff here brings his claim only under Colorado's statutory provisions. (Compl. 6-7 ¶¶ 49-58.)

To prevail on a statutory bad faith claim, a plaintiff must prove that a benefit to which he was entitled under an insurance policy was unreasonably delayed or denied. *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012); *see* Colo. Rev. Stat. § 10-3-1115(1)(a) ("A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."). A prevailing plaintiff is entitled to receive a penalty payment of two times the benefit (in addition to the benefit itself), plus reasonable attorney's fees and costs incurred in obtaining the judgment in his favor. Colo. Rev. Stat. § 10-3-1116(1); *see Vaccaro*, 275 P.3d at 756 (noting that, because of the lesser liability burden and the onerous penalty provision, a statutory bad faith claim is "arguably . . . more financially threatening to the insurer than a traditional common law bad faith claim").

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro*, 275 P.3d at 759. But, "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* The burden to establish unreasonableness lies with Plaintiff. *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015). "The reasonableness of the insurer's conduct is determined objectively and is based on proof of industry standards." *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018). Industry standards may be established through expert opinion or state law. *Goodson v. American Standard Ins. Co. of Wisconsin*, 89 P.3d 409, 415 (Colo. 2004); *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). Further, "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 847 (quoting *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996)); *see Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) ("[T]he question is whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim.").

Plaintiff attempts to goad the court into considering evidence and information outside the confines of the Complaint in resolving this Motion. (Resp. at 1-2, Exs. 1-4.) The only evidence that could be fairly considered in addition to the Complaint at this stage, however, are two insurance policies, one issued by USAA and the other by Allstate, which are referenced in the Complaint. The court therefore declines to consider alleged facts or evidence outside these parameters or arguments dependent upon the same.

Stripped of bare assertions and legal conclusions, the factual basis for the Third Claim, taken from the Complaint, is as follows: On November 3, 2018. Plaintiff was in his automobile driving straight when Michael Lantier turned in front of him and caused the two vehicles to collide. (Compl. ¶ 7.) It was determined that Mr. Lantier's negligence and carelessness caused the accident and that Plaintiff was not negligent nor did he do anything that would have contributed to the crash. Mr. Lantier's insurance company, USAA accepted full liability responsibility up to its policy limits. (*Id*. ¶¶ 8, 11, 13, 22.) Plaintiff suffered some injury in the accident and has incurred "medical expenses." (*Id.* ¶ 19.[2]) USAA ultimately paid Plaintiff the full bodily injury policy limits of $25,000.00 under Mr. Lantier's policy. (*Id.* ¶¶ 13, 23.) Plaintiff asserts that his injuries, damages and losses as a result of the accident exceed the amount of the $25,000.00 bodily injury settlement with USAA. (*Id*. ¶ 24.)

At the time of the accident, Plaintiff was covered by an insurance policy through Defendant Allstate. (*Id*. ¶ 14.) That policy included coverage for uninsured/underinsured motorist benefits. (*Id*. ¶¶ 15, 21.) Plaintiff is a first-party claimant with respect to the UIM benefits and has requested that Defendant pay him UIM benefits. (*Id*. ¶ 37.) Plaintiff sent Allstate "an outline of his damages, treatment, etc. along with all of his medical records, bills and

---

[2] Plaintiff states he has "incurred medical and rehabilitation expenses, permanent impairment of function, future medical and rehabilitation expenses, past and future mental anguish, loss of earnings, impairment of earning capacity, past and future pain and suffering and past and future loss of quality of life." (*Id*. ¶ 19.) At this point the court considers this paragraph to be largely 'bare assertion' in light of more specific allegations in the Complaint (*see id.* ¶¶ 29 and 37); however, the court recognizes that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

other documentation[,]" and alleges in the Complaint that he has "$11,000 in medical and lost wages." (*Id.* ¶¶ 29, 37.)

Allstate's adjuster, Emily Williams, initially "calculated Plaintiff's recoverable benefit to be $1,000.00." (*Id.* ¶ 17.) Later the claim was re-evaluated "to be an additional $1,500 totaling $2,500 but [Allstate] only tendered $1,000 and has delayed payment on the remaining $1,500."[3] (*Id.* ¶ 37.)

Accepting the factual allegations above as true, Plaintiff has alleged is that he had a motor vehicle accident, incurred approximately $11,000 in combined medical expenses and lost wages, settled with the tortfeasor for $25,000, and pursued a UIM claim where he received $1,000 from Allstate, even though Allstate had valued the claim at $2,500.00. Although the claim is for delay and denial, there is no information in the Complaint to support a denial of the claim and, in fact, the facts show that there was some payment on the claim – an antithesis to denial. The court is completely unable to ascertain if there was **any** delay in processing the claim, much less unreasonable delay. The Complaint contains no time periods for consideration of the claim whatsoever. *Turner v. State Farm Mut. Automobile Ins. Co.*, 13-cv-01843-MSK-BNB, 2015 WL 1297844, at *3 (D. Colo. Mar. 19, 2015) (explaining that, in the absence of a claim denial, a claim for unreasonable delay "requires proof of delay of claim payment before consideration of whether the delay was unreasonable."). Further, there are no facts to support an

---

[3] Defendant argues that these facts represent a settlement offer not a calculation of benefits payable. "An insurer is under no obligation to negotiate a settlement when there is a genuine disagreement as to the amount of compensable damages payable under the terms of an insurance policy." *Vaccaro,* 275 P.3d at 759; *Wahlert v. Am. Standard Ins. Co. of Wisconsin*, 173 F. Supp. 3d 1187, 1193 (D. Colo. 2016). This argument, however, is premature.

allegation that the defendant lacked a reasonable basis for the actions it took. Plaintiff cannot rely on conclusory allegations, legal conclusions, or unwarranted inferences to substantiate his claim. *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal,* 556 U.S. at 679. Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Two Moms & a Toy, LLC v. Int'l Playthings, LLC*, 898 F. Supp. 2d 1213, 1215–16 (D. Colo. 2012) (quoting *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008). The Complaint here woefully fails to set forth facts from which the court could infer that there was any delay in processing, that such delay was unreasonable, and that Defendant had no reasonable basis for the delay, if indeed there was one.

Therefore, the court finds Defendant's Motion to be well-founded with respect to Plaintiff's Third Claim.

In light of the deficiencies in the Complaint, the next issue is whether Plaintiff should be allowed to attempt to rectify the situation by amendment of his claim. Although Plaintiff nominally requests leave to amend, he provides no explanation for why justice requires amendment in this case. Although it is not this court's responsibility to craft such an explanation for plaintiff, *see Doe v. Heil*, 533 F. App'x 831, 846-847 (10th Cir. 2013), since the Complaint was originally crafted to stand muster in the state court, justice requires that this court examine

the appropriateness of amendment pursuant to Fed. R. Civ. P. 15 now that the federal forum is assured.

Courts "should freely give leave [to amend] when justice so requires." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Rule 15's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962). Whether to grant leave to amend the pleadings pursuant to Rule 15(a) is within the court's wide discretion. *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.,* 181 F.3d 1180, 1187 (10th Cir. 1999). A trial court, therefore, must only refrain from abusing its discretion; in other words, the decision must not be "arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin*, 568 F.3d at 1229.

As noted, the case was filed seven months ago, September 16, 2019. It was removed to federal court a little over a month later on October 23, 2019. (Notice of Removal [Doc. No. 1].) Plaintiff objected to the removal within a mere two days [Doc. No. 12], and one week thereafter the Defendant filed the instant Motion. There has been no delay attributable to the parties here, much less any undue delay. Obviously for the same reasons, there was no dilatory motive. The parties, in due course, have argued and briefed this motion as well as issues related to

Case 1:19-cv-03035-KMT   Document 33   Filed 04/16/20   USDC Colorado   Page 10 of 10

removal/remand and the court recently decided against remand. (Order [Doc. No. 31].) Although Plaintiff raised the issue of bad faith with respect to Defendant's motives to remove the case, the court has found that motive, if it existed at all, to be irrelevant. *Id*.

The case is young in terms of procedural history. A scheduling order has not been entered and the court therefore infers that initial disclosures under Fed. R. Civ. P. 27(a) have not been made. No formal discovery has been undertaken. There is simply no prejudice that will accrue to the Defendant by allowing Plaintiff to round out his Complaint with factual allegations to attempt to allege a plausible claim for relief, if one exists. There has not been a previous attempt to amend the Complaint, and the court finds that there is no futility in adding facts which may nudge the claim over the line from possible to plausible.

Wherefore, it is **ORDERED**

"Allstate's Partial Motion to Dismiss" [Doc. No. 17] is **GRANTED** and the Third Claim of the Complaint [Doc. No. 6] is dismissed.

It is also **ORDERED**.

Plaintiff may file an Amended Complaint within fourteen days of the issuance of this Order.

Dated April 16, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge